**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| **Alexandria Denise Graham,** | Civil Action No.:_____ 4:24-cv-01166-JD |
| **Plaintiff,** | |
| v. | **COMPLAINT** |
| **Experian Information Solutions, Inc.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT

1. This is an action brought by Plaintiff, Alexandria Denise Graham, for actual, statutory and punitive damages, attorneys' fees, and costs for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq, (hereinafter "FCRA").

2. The FCRA exists to protect consumers' privacy and to impose upon those who trade in consumers' private information strict requirements to ensure that the information they report is as accurate as possible.

3. The FCRA likewise demands that consumers' disputes of inaccurate information be taken seriously by the consumer reporting agencies, requiring that they do much more than simply pass information between themselves and furnishers of information electronically without actually investigating the substance of a consumer's dispute and consider all information available in conducting such investigations.

4. Before the enactment of the FCRA, inaccurate and misleading information was identified as "the most serious problem in the credit reporting industry." 115 Cong. Rec.

1

2411 (Jan. 31, 1969). With this problem in mind, Congress enacted the FCRA "to prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report." S. Rep. No. 91-517 (1969).

5.  To accomplish Congress' goals, the FCRA contains a variety of requirements to protect consumers, including §§ 1681c and 1681e, which are two of the cornerstone provisions of the FCRA.

6.  One of the primary purposes of the FCRA is to assure "maximum possible accuracy" of consumer information to ensure the stability of our banking system:

> The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

*See* 15 U.S.C. § 1681(a)(1).

## JURISDICTION AND VENUE

7.  This Court has Jurisdiction under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681p, and 28 U.S.C. §1331 and §1332.

8.  Venue is proper in the Florence Division because the Plaintiff resides in Horry County and the Defendant transacted business in this division.

## PARTIES

9.  Plaintiff, Alexandria Denise Graham, is a resident and citizen of the State of South Carolina, Horry County, and is over the age of twenty-one (21) years. Plaintiff is a consumer as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

10. Defendant Experian Information Solutions, Inc., ("Experian") is an Ohio company

2

registered to do business in South Carolina with the South Carolina Secretary of State. Defendant may be served with process through its registered agent for service of process, C T Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223. At all times and in all respects relevant herein, Defendant was doing business in the state of South Carolina and in this division.

11.     Defendant Experian is a credit reporting agency ("CRA") as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a. Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

12.     Defendant disburses such consumer reports to third parties under contract for monetary compensation.

13.     Defendant's acts and omissions alleged herein are in violation of the Fair Credit Reporting Act which requires Defendant to provide a consumer with a complete copy of their credit file upon request, to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff's credit file, and to conduct a reasonable reinvestigation of disputed information received from the Plaintiff.

14.     The Plaintiff alleges that Defendant repeatedly failed to provide her with a complete copy of her credit file after numerous requests; failed to delete and suppress erroneous, false, misleading, or inaccurate information from the Plaintiff's Experian credit file, and failed to reinvestigate Plaintiff's disputes. Defendant also repeatedly disseminated Plaintiff's inaccurate credit file to third parties, causing Plaintiff to suffer damages as set forth herein.

## FACTUAL ALLEGATIONS

15. On or about May 20, 2015, Plaintiff obtained an auto loan through Santander Consumer USA.

16. On May 2, 2021, Santander repossessed Plaintiff's car. Plaintiff called Santander and was given the total account balance and was informed that in order for Plaintiff to get her car back, she would need to pay the entire balance in full.

17. The total account balance provided by Santander to Plaintiff was $4,512.48.

18. On May 6, 2021, Plaintiff sent, via MoneyGram Payment Systems, Inc., payment in the amount of $4,512.48 to Santander Consumer USA as full and final payment of the auto loan.

19. On the same day, May 6, 2021, Plaintiff called Santander to confirm they had received the $4,512.48 payment. During the phone call, Plaintiff was congratulated for paying off her loan. When Plaintiff asked if everything was paid, she was told she owed nothing and that she would be receiving the title to the car within the next 30 days.

20. On or about May 8, 2022, Plaintiff's credit score as reported by Experian was 621.

21. On or about May 9, 2022, Plaintiff attempted to obtain a copy of her Experian credit report through annualcreditreport.com, but was denied a copy.

22. On or about May 9, 2022, Plaintiff sent a written dispute letter to Experian ("First Dispute"). In her letter, Plaintiff informed Defendant that she tried to get a copy of her Experian credit report online through annualcreditreport.com but was denied. In her letter, Plaintiff informed Defendant that she had reviewed her Equifax and TransUnion credit reports and there were several accounts reporting incorrectly. Specifically, Plaintiff stated

Santander Consumer USA, Acct #xxxx1000 should be reporting a zero balance and closed as she had previously paid the loan off in full to Santander after repossession. Plaintiff also disputed three medical collections as she had health insurance and had never received a bill from any of the following: Financial Data Systems LLC, Acct # xxxx4215, for a $28 medical bill to Clinical Pathology; Financial Data Systems LLC, Acct # xxxx4214, for a $23 medical bill to Clinical Pathology; and Merchants Adjustment Service, Acct # xxxx32, for a $96 medical bill to Carolina Radiology Associates. Plaintiff also provided Defendant with her full Social Security Number, her date of birth, and her address.

23.     Defendant received Plaintiff's First Dispute on May 10, 2022.

24.     Defendant did not respond to Plaintiff's First Dispute.

25.     On or about July 6, 2022, Plaintiff sent a second written dispute letter to Defendant ("Second Dispute") in which she stated that she had not received a response from Experian to her First Dispute, nor had she received a copy of her credit report. Plaintiff again informed Defendant that she had tried to get a copy of her Experian credit report online on May 9, 2022 through annualcreditreport.com, but was denied. Plaintiff also informed Defendant that she had reviewed her Equifax and TransUnion credit reports and that several accounts were still reporting incorrectly. Plaintiff stated the Santander Consumer USA, Acct #xxxx1000 should be reporting a zero balance and closed as she had previously paid off the loan in full to Santander after repossession. Plaintiff also provided Defendant with a copy of the MoneyGram to Santander showing the payment of $4,512.48. Plaintiff also disputed three collection accounts that were not hers and/or that she did not owe: Financial Data Systems LLC, Acct # xxxx4215, for a $28 medical bill to Clinical Pathology;

5

Financial Data Systems LLC, Acct # xxxx4214, for a $23 medical bill to Clinical Patholog; and Merchants Adjustment Service, Acct # xxxx32, for a $96 medical bill to Carolina Radiology Associates.

26.  Defendant never responded to Plaintiff's Second Dispute.

27.  On or about January 6, 2023, Plaintiff sent a third dispute letter to Defendant ("Third Dispute") in which again informed Defendant that she had not received a response from Experian to her prior disputes, nor had she received a copy of her credit report. In her letter, Plaintiff reiterated each of her previous disputes.

28.  Defendant received Plaintiff's Third Dispute on January 11, 2023, but never responded to Plaintiff. Defendant also completely failed to investigate any of her disputes.

29.  After three written requests for a copy of her credit file and multiple attempts to obtain a copy online, on or about July 20, 2023, Plaintiff was finally able to view a copy of her Experian credit report through annualcreditreport.com. Upon review of her credit report, Plaintiff discovered that Defendant was still reporting the Santander Consumer USA account incorrectly as a collection/charge-off account with a balance due of $706.00.

30.  On or about January 4, 2024, Plaintiff again obtained a copy of her Experian credit report online. Now Defendant was incorrectly reporting the Santander Consumer USA account as "Paid in settlement. $5,579 written off."

31.  On or about January 5, 2024, Plaintiff sent a fourth written dispute letter to Defendant ("Fourth Dispute"). Plaintiff specifically disputed two phone numbers that were not hers and requested they be deleted. Plaintiff also disputed the Santander Consumer USA Account as incorrect. Plaintiff informed Defendant that, after Santander had

repossessed her car, it provided her a loan payoff of $4,512.48, that she paid the $4,512.48 on May 6, 2021, via MoneyGram to Santander, and that Santander returned her car. Plaintiff again provided a copy of the May 6, 2021 MoneyGram receipt to Defendant. Plaintiff also informed Defendant there was no balance due and that the Account should be reporting as paid in full after charge off and with a zero balance.

32. Defendant received Plaintiff's Fourth Dispute on January 8, 2024.

33. To date, Defendant has never responded to Plaintiff's Fourth Dispute and continues to incorrectly report the Santander Consumer USA account.

34. Defendant has repeatedly failed and/or refused to provide Plaintiff a copy of her Experian credit report.

35. Defendant has repeatedly failed to make a reasonable investigation into Plaintiff's disputes.

36. If Defendant ever forwarded ACDVs on Plaintiff's disputes, it simply accepted the furnishers' verifications of the Accounts and did not undertake to perform any investigation of its own.

37. For over 35 years, courts have recognized that a CRA cannot rely upon its data furnishers exclusively, when the consumer disputes the accuracy of the furnishers' information. The CRA must make some independent investigation of its own. "Merely reporting whatever information the creditor furnished was not reasonable, especially where the defendant knew of the impending dispute between the [consumer] and [furnisher]." *Swoager v. Credit Bureau of Greater St. Petersburg,* 608 F.Supp. 972 (M.D. Fla. 1985); *see also Bailey v. TransUnion Credit Info. Servs.,* 2016 U.S. Dist. LEXIS 196516, 2016

WL 11540113 (N.D. Ga. Nov. 28, 2016); *Crane v. TransUnion*, 282 F. Supp. 2d 311 (E.D. Pa. 2003)(explaining that a CRA must "go beyond the original source" to satisfy its duties to investigate).

38. If the CRA knows or should know that the furnisher is unreliable, then a "reasonable reinvestigation" may require verifying the accuracy of the furnisher's information directly. The "grave responsibility" imposed by §1681i(a) must consist of something more than merely parroting information received from other sources. *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997).

39. Defendant's knowing and repeated violations of the FCRA warrants an award of punitive damages. *See, e.g., Younger v. Experian Info. Sols. Inc.,* Case No. 2:15-cv-00952-SGC, at *30 (N.D. Ala. Mar. 21, 2019) (awarding punitive damages for repeated, willful violations of the FCRA).

## COUNT ONE
(Fair Credit Reporting Act)

40. The Plaintiff adopts the averments and allegations of paragraphs 15 through 39 hereinbefore as if fully set forth herein.

41. Defendant maintains and distributes credit data files on the Plaintiff's credit. Defendant negligently failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to: (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b); and (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

42. Defendant repeatedly failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

43. As a result of Defendant's negligent violations of the FCRA, the Plaintiff suffered, continues to suffer, and will suffer future damages, including, but not limited to, damage to Plaintiff's credit score and credit reputation, denial of housing, inability to rent an apartment, anxiety, worry, fear of being homeless, loss of sleep, family discord, headaches, loss of enjoyment of life, physical pain and sickness, frustration, humiliation, embarrassment and mental anguish. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

44. In addition, the Plaintiff has incurred litigation expenses and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

45. Plaintiff is entitled to her attorneys' fees, pursuant to 15 U.S.C. §1681n(a).

## COUNT TWO
(Fair Credit Reporting Act)

46. The Plaintiff adopts the averments and allegations of paragraphs 15 through 45 hereinbefore as if fully set forth herein.

47. Defendant willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to: (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b) and (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

48. Defendant willfully failed to delete and suppress erroneous, false, misleading,

and/or inaccurate information from the Plaintiff's credit file.

49. Due to Defendant's willful failure to comply with the requirements of the Fair Credit Reporting Act, Plaintiff is entitled to statutory damages.

50. As a result of Defendant's willful violations of the FCRA, the Plaintiff suffered, continues to suffer, and will suffer future damages, including, but not limited to, damage to Plaintiff's credit score and credit reputation, denial of housing, inability to rent an apartment, anxiety, worry, fear of being homeless, loss of sleep, family discord, headaches, loss of enjoyment of life, physical pain and sickness, frustration, humiliation, embarrassment, and mental anguish. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

51. Further, Defendant's acts and omissions were willful and demonstrate a reckless disregard for the Plaintiff's rights. Therefore, Defendant is liable to the Plaintiff for punitive damages in an amount to be determined by the jury.

52. In addition, the Plaintiff has incurred litigation expenses, and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

53. Plaintiff is entitled to her attorneys' fees, pursuant to 15 U.S.C. §1681o(a)(2).

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendant for the following:

A. Actual and statutory damages from Defendant pursuant to 15 U.S.C. §1681n(a)(1)(A) and/or 15 U.S.C. §1681o(a)(1);

B. Punitive damages from Defendant pursuant to 15 U.S.C. §1681n(a)(2);

C.    Costs and reasonable attorney's fees from Defendant pursuant to 15 U.S.C. §1681n(a)(3) and/or 15 U.S.C. §1681o(a)(2); and

D.    For such other and further relief as the Court may deem just and proper

*/s/ Penny Hays Cauley*
Penny Hays Cauley, Fed. ID No. 10323
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

*/s/ Penny Hays Cauley*
Of Counsel

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**
Experian Information Solutions, Inc.
c/o C T Corporation System
2 Office Park Court, Suite 103
Columbia, South Carolina 29223